UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

J&J SPORTS PRODUCTIONS, INC.

        Plaintiff,

v.                                                           Case No. 18-cv-469-pp

MJZARATE, LLC, d/b/a GRADY'S SALOON,
and MARIO J. ZARATE,

        Defendants.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13) AND DISMISSING CASE**

---

On March 26, 2018, the plaintiff filed a complaint against the defendants, alleging unauthorized publication or use of communications under 47 U.S.C. §605, and unauthorized reception of cable service under 47 U.S.C. §553. Dkt. No. 1. The plaintiffs filed a motion for entry of default on July 11, 2018, dkt. no. 10, and the clerk entered default on July 12, 2018. Five days later, the plaintiff filed a motion for default judgment, dkt. no. 13, as well as an affidavit in support of the motion, dkt. no. 14. The clerk's office assigned the case to this court on July 18, 2018. The defendants have not appeared. The court will grant the motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff filed the complaint on March 26, 2018. Dkt. No. 1. The plaintiff filed certificates of service on May 30 and July 11, 2018—dkt nos. 8, 12—showing that the plaintiff had effectively served the defendant via publication summons under Wis. Stat. §801.11(c). See Fed. R. Civ. P. 4(e)(1) (allowing service on an individual by following state law). The court is satisfied that the plaintiff effectuated service, and that the entry of default was proper.

## II. PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of

ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The plaintiff's complaint states a claim that defendants Mjzarate LLC and Mario J. Zarate violated two provisions of the Communications Act, 47 U.S.C. §605 and 47 U.S.C. §553. Sections §§605(e)(3)(B)(ii) and (iii) of Title 47 allow the court to award statutory or actual damages and full costs and reasonable attorney's fees. The attachments to the plaintiff's affidavit provide an accounting of statutory damages in the amount of $110,000, attorneys' fees in the amount of $1,000, and costs incurred in the amount of $1,320. Dkt. Nos. 14-1 through 14-3. This results in a total requested amount of $112,320.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that the clerk of court shall enter judgment in favor of Plaintiff, J & J Sports Productions, Inc. against the defendants in the amount of **$112,320.00**.

The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 10th day of January, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**